UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL IBN MANLEY,<br><br>        Petitioner,<br><br>    v.<br><br>TAMMY CAMPBELL,<br><br>        Respondent. | Case No.  2:23-cv-00039-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 5<br><br>SCREENING ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF No. 1 |

      Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  After reviewing the petition, I find that it fails to state a viable claim.  I will give petitioner a chance to amend before recommending that this action be dismissed.  Additionally, I will grant his application to proceed *in forma pauperis*.  ECF No. 5.

      The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

Petitioner argues that the parole board used an "unfair and systemically biased risk assessment instrument" in its decision to deny him parole. ECF No. 1 at 4. A parole denial may be challenged via section 2254, but a petitioner is entitled only to minimal safeguards. Federal law requires only that the state "provides an inmate seeking parole with an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011); *see also Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Petitioner does not allege that he was denied either an opportunity to be heard or a statement of reasons for denial of parole.

Petitioner may, if he chooses, file an amended petition that explains why his claims should be allowed to proceed. If he does not, I will recommend that this action be dismissed.

It is ORDERED that:

1. Petitioner may file an amended § 2254 petition within thirty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal § 2254 habeas form with this order.

3. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

Dated:    February 22, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE